IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SANANTONIO DIVISION

| | | |
|---|---|---|
| **JULIE GARZA, SARAH TRAINUM,** AND **JUDITH ROGERS** | § § § | |
| PLAINTIFFS, | § § | |
| VS. | § § § | CIVIL ACTION NO. 5:15-CV-0053-OLG |
| **REBECCA DOLIN**, INDIVIDUALLY AND IN HER OFFICIAL CAPACITY AS KERR COUNTY CLERK, **DAWN LANTZ,** AND **KERR COUNTY, TEXAS** | § § § § § | |
| DEFENDANTS. | § § | |
| _____ | § | |

## DEFENDANTS KERR COUNTY AND REBECCA BOLIN'S ORIGINAL ANSWER

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ORLANDO GARCIA:

**NOW COMES KERR COUNTY** and **KERR COUNTY CLERK REBECCA BOLIN**, In Her Individual Capacity, Defendants in the above entitled and numbered cause and files this their Original Answer to Plaintiffs' Original Complaint heretofore filed and in support thereof would respectfully show unto the Court the following:

### I.
### FIRST DEFENSE

Plaintiffs' Original Complaint fails to state a cause action against these Defendants upon which relief may be granted.

## II.
## SECOND DEFENSE

Defendants **KERR COUNTY** would show unto the Court that Plaintiffs' allegations against Defendant BOLIN in her official capacity is the same as an allegation against the governmental entity, Kerr County, as a matter of law. *Haffer v. Mallo*, 502 U.S. 21, 25 (1991); *Kentucky v. Graham,* 473 U.S 159, 168 (1985).

## III.
## THIRD DEFENSE

Defendants **KERR COUNTY** and **KERR COUNTY CLERK BOLIN** admit that this action purports to arise from alleged violations of Plaintiffs' constitutional rights pursuant to 42 U.S.C. §1983 for allegations concerning Plaintiffs' rights under the First Amendment; however, Defendants deny that any cause of action exists there under.

## IV.
## FOURTH DEFENSE

Defendants **KERR COUNTY** and **COUNTY CLERK BOLIN** deny "Facts" Paragraphs 9 through 19 of Plaintiffs' Original Complaint.  Defendants deny that Plaintiffs' terminations were revenge for their alleged support of another candidate in the Primary Election as alleged. Defendants would show unto the Court that Plaintiffs were at-will employees of Kerr County and their terminations as Deputy Clerks from the Kerr County Clerk's office were not political in nature but were at the sole discretion of the new County Clerk, Rebecca Bolin.

## V.
## FIFTH DEFENSE

Defendants **KERR COUNTY** and **COUNTY CLERK BOLIN** deny Paragraphs 20 through 30 of Plaintiffs' Original Complaint.  Defendants admit that County Clerk

Bolin informed the Plaintiffs that their services would no longer be needed. This decision was County Clerk Bolin's decision and was made in her discretionary authority as County Clerk of Kerr County.  Defendant Kerr County and County Clerk Bolin deny that Plaintiffs' terminations were political in nature and specifically deny that Plaintiffs rights under the First Amendment to the United States Constitution were violated pursuant to 42 U.S.C. §1983, as alleged.  Defendant Kerr County specifically denies that Human Resources Director Lantz is a policy maker for the Kerr County Commissioner's Court as alleged in Plaintiffs' Complaint.

## VI.
## SIXTH DEFENSE

Defendants **KERR COUNTY** and **COUNTY CLERK BOLIN** deny Paragraphs 31 through 35 of Plaintiffs' Original Complaint.  Defendants deny Plaintiffs' allegations that they were terminated for supporting another candidate in the Primary Election as alleged.  Defendant County Clerk Bolin, in her Individual Capacity, asserts that all times made the basis of Plaintiffs' Complaint that she was acting in the course and scope of her duties, as County Clerk of Kerr County, pursuant to her discretionary duties as the County Clerk of Kerr County and at all times acted in good faith and therefore, she is entitled to the protective shroud of qualified immunity and official immunity, as a matter of law.

## VII.
## SEVENTH DEFENSE

Defendants **KERR COUNTY** and **COUNTY CLERK BOLIN** deny Paragraphs 36 through 42 of Plaintiffs' Original Complaint.  Defendants would show unto the Court that Plaintiffs were at-will employees of the Kerr County Clerk's Office.  As County Clerk for Kerr County, Rebecca Bolin acted in her discretionary capacity as County Clerk

in terminating the at-will employment of the Plaintiffs herein. Defendants deny that Plaintiffs' terminations were retaliation for their political support, if any, to another candidate in the primary election as alleged. Defendants assert that Plaintiffs' rights under 42 U.S.C. §1983 have not been violated, as a matter of law.

## VIII.
## EIGHTH DEFENSE

Defendants **KERR COUNTY** and **COUNTY CLERK BOLIN** deny "First Amendment Unlawful Retaliation" Paragraphs 43 through 49 of Plaintiffs' Original Complaint. Defendants deny Plaintiffs' allegations that they were retaliated against in violation of their First Amendment Right to speak on matters of public concern, as alleged. Defendants deny that Plaintiffs' spoke out on a matter of public concern and deny their allegations that they were retaliated against for supporting another candidate. Defendants would show unto the Court that under the Pickering-Connick Balancing Test that Plaintiffs have failed to state a cause of action against these Defendants, as a matter of law.

Defendants advise the Court that Plaintiff's Counsel Robert Henneke was the former County Attorney for Kerr County and gave legal advice to Kerr County, including named defendant Dawn Lantz through March 16, 2014. This legal representation raises concerns under *Doe v. A Corp*, 709 F.2d 1043, 1047 (5th Cir. 1983).

## IX.
## NINTH DEFENSE

Defendants **KERR COUNTY** and **COUNTY CLERK BOLIN** deny "Attorney's Fees" Paragraphs 50 of Plaintiffs' Original Complaint. Defendants assert that the Plaintiffs are not entitled to Attorney's fees under 42 U.S.C. §1988, as a matter of law.

## X.
## TENTH DEFENSE

Defendants **KERR COUNTY** and **COUNTY CLERK BOLIN** deny "Prayer for Relief" of Plaintiffs' Original Complaint. Defendants would show unto the Court that the Plaintiffs are not entitled to any of the relief requested and specifically are not entitled to punitive damages, as alleged.

## XI.
## ELEVENTH DEFENSE

Defendants **KERR COUNTY** and **COUNTY CLERK BOLIN** assert that the Plaintiffs have failed to mitigate their damages, as a matter of law.

## XII.
## TWELFTH DEFENSE

Defendants **KERR COUNTY** and **COUNTY CLERK BOLIN** deny any allegations in Plaintiffs' Original Complaint not specifically admitted herein and demand strict proof thereof as required by law.

Defendants **KERR COUNTY** and **COUNTY CLERK BOLIN** herein demand a jury trial.

**WHEREFORE, PREMISES CONSIDERED**, Defendants **KERR COUNTY** and **COUNTY CLERK BOLIN** pray that Plaintiffs' suit be dismissed against them, or in the alternative, that Plaintiffs take nothing by their lawsuit against them, that Defendants have Judgment herein, that Defendants be awarded their costs expended, including reasonable attorney's fees and for such other and further relief, both general and special, and at law and in equity, to which they may show themselves justly entitled.

Respectfully submitted,

LAW OFFICES OF CHARLES S. FRIGERIO
A Professional Corporation
Riverview Towers
111 Soledad, Suite 840
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax


BY:   /s/ Charles S. Frigerio
        CHARLES S. FRIGERIO
        SBN:  07477500

        HECTOR X. SAENZ
        SBN:  17514850
ATTORNEYS FOR DEFENDANTS
**KERR COUNTY** and **KERR COUNTY CLERK REBECCA BOLIN,** In Her Individual and Official Capacity


## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of February, 2015, I electronically filed the foregoing Defendants **KERR COUNTY** and **COUNTY CLERK BOLIN**'s Original Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Steve Skarnulis
Mr. Robert Henneke
Cain & Skarnulis PLLC
400 W. 15th Street, Suite 900
Austin, Texas 78701


                /s/ Charles S. Frigerio
                CHARLES S. FRIGERIO