FILED

MAR 29 2016

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
         DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

Julie Garza, Sarah Trainum, and )
Judith Rogers, )
 )
        *Plaintiffs*, )
 )
v. ) Civil No. 5:15-cv-53-OLG
 )
Rebecca Bolin, individually and in her )
official capacity as Kerr County Clerk, and )
Kerr County, Texas, )
 )
        *Defendants*. )

## ORDER

Before the Court is the Memorandum and Recommendation (docket no. 42) of United States Magistrate Judge John W. Primomo, in which he recommends the Court grant in part and deny in part Defendants' motion for summary judgment (docket no. 36). Defendants Kerr County and Rebecca Bolin filed objections (docket no. 44) to the magistrate judge's recommendation. Plaintiffs responded to Defendants' objections (docket no. 45), but have not objected to the magistrate judge's recommendation that their defamation claims be dismissed.

When a party objects to a magistrate judge's recommendation, the Court must make a *de novo* determination of those portions of the recommendation to which objection is made. *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 646 (5th Cir. 1994); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court has conducted an independent review of the entire record and the applicable law, and a *de novo* review of the matters raised by Defendants' objections. *Id.* The Court concludes that the Defendants' objections lack merit and should therefore be OVERRULED, and that the magistrate judge's recommendation should be ACCEPTED.

Defendants object to Magistrate Judge Primomo's recommendation on three grounds. First, they argue that Magistrate Judge Primomo erred in not crediting Bolin's explanation that she fired Plaintiff Garza because of comments about Bolin that Garza posted on Facebook, rather than because of Garza's opposition to Bolin's candidacy for the County Clerk position, and that, as to all Plaintiffs, their political activities were too "nebulous" to support any finding that those activities were a motivating factor behind their terminations. Docket no. 44 at 4. Second, Defendants argue that Magistrate Judge Primomo's reasoning is contrary to the holding of the Fifth Circuit in *Gunaca v. State of Texas*, 65 F.3d 467 (5th Cir. 1995), which, Defendants argue, supports their argument that Bolin's termination of Plaintiffs did not violate Plaintiffs' "clearly established" rights and was objectively reasonable. *Id.* at 5-6. Finally, Kerr County objects to Magistrate Judge Primomo's finding of a custom or policy of Kerr County that was a moving force behind the constitutional deprivation that Plaintiffs allege. *Id.* at 6.

As to Defendants' first objection, there is ample evidence in the record that would allow a finder of fact to find a causal link between Plaintiffs' First Amendment-protected political activities in support of Bolin's primary opponent and Bolin's decision to terminate their employment. Bolin claims that Plaintiffs' "only . . . connection to political activities is that they posted signs in their yard and attended political forums[,]" docket no. 44 at 4, but this claim overlooks Plaintiffs' evidence that, in addition to posting yard signs, they spoke with their colleagues about their opposition to Bolin, docket nos. 40-7 at 1 (Garza), 40-8 at 1 (Trainum), 40-9 at 1 (Rogers), posted on Facebook in opposition to Bolin, docket nos. 40-7 at 1 (Garza), 40-8 at 1 (Trainum), attended a debate between Bolin and the incumbent County Clerk while wearing a pin supporting the incumbent, docket no. 40-8 at 1 (Trainum), and had close family members who were active in support of the incumbent, docket nos. 40-8 at 1 (Trainum's

husband), 40-9 at 1 (Rogers's mother). This evidence, taken in conjunction with Plaintiffs' evidence regarding the timing of their unexplained termination on the day that Bolin took office, and their evidence that Bolin's performance-based explanation is pretextual, is sufficient to create a genuine question of fact regarding the causation element of Plaintiffs' claim. *Brady v. Fort Bend Cty.*, 145 F.3d 691, 714 (5th Cir. 1998) ("evidence [of Plaintiffs' favorable performance reviews] provides a strong basis for the jury's conclusion that the Plaintiffs' political activity . . . constituted a substantial or motivating factor in [Defendant's] decision not to rehire [them]"); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000) (reasoning, in context of age discrimination case, that "it is permissible for the trier of fact to infer the ultimate fact of discrimination from the falsity of the employer's explanation"). The causal link between Garza's speech and her termination is clearer: Bolin has acknowledged that Garza's Facebook post opposing her candidacy was the reason she terminated Garza. Docket nos. 36-2 at 2, 44 at 2.

Defendants' second objection goes to the requirement that, to overcome Bolin's claim of qualified immunity, Plaintiffs must establish that Bolin's conduct violated rights that were "clearly established" such that a reasonable official would have understood that her conduct violated those rights. *Lytle v. Bexar County*, 560 F.3d 404, 410 (5th Cir. 2009). The facts in this case are similar to those of other cases in which the Fifth Circuit has held that it has long been "clearly established" that "a public employer cannot act against an employee because of the employee's affiliation or support of a rival candidate unless the employee's activities in some way adversely affect the government's ability to provide services." *Vojvodich v. Lopez*, 48 F.3d 879, 887 (5th Cir. 1995); *Burnside v. Kaelin*, 773 F.3d 624, 629 (5th Cir. 2014).

Defendant argues that qualified immunity should be granted here because the Fifth Circuit has observed that there is "rarely" a case in which termination of a public employee violates clearly established free speech rights, because reasonable government officials "would not necessarily know just what conduct was prohibited." *Gunaca v. State of Texas*, 65 F.3d 467, 474 (5th Cir. 1995) (citing *Noyola v. Texas Dep't of Human Resources*, 846 F.2d 1021, 1025 (5th Cir. 1988)). However, the Fifth Circuit, in making this observation, did not "set forth a rule of law to the effect that qualified immunity is mandated in *Pickering* cases[.]" *Kinney v. Weaver*, 367 F.3d 337, 372 n.41 (5th Cir. 2004) (en banc) ("Underscoring the fact that *Noyola* does not purport to command a particular result, three of the four Fifth Circuit *Pickering* cases that cite *Noyola deny* the official's claim of qualified immunity."). Furthermore, *Gunaca* is distinguishable because it turned on an issue that is not present in this case: Whether the terminated employee who alleges violation of their First Amendment rights fell within the exception recognized by the Supreme Court in *Elrod v. Burns*, 427 U.S. 347 (1976) and *Branti v. Finkel*, 445 U.S. 507 (1980), where "party affiliation is an appropriate requirement for the effective performance of the public office involved[.]" *Gunaca*, 65 F.3d at 474.

Finally, Defendants' third objection argues that the claims against Kerr County should be dismissed because "Plaintiffs have failed to put forth any evidence of a custom or policy of Kerr County that was the moving force behind Plaintiffs' alleged constitutional deprivation." Docket no. 44 at 6. This argument fails to address record evidence, and Defendants' own insistence, that Bolin, as County Clerk, exercised authority on behalf of the County to hire and fire employees, including Plaintiffs. Docket nos. 20 at 2-4; 40-4 at 3, 5-6, 9; 40-11 at 3-5, 40-13 at 1, 40-14. As the Fifth Circuit has observed, and Defendants do not appear to dispute, state law permits "county clerks . . . unfettered discretion in hiring and firing their employees." *Garcia v. Reeves*

*Cty., Tex.*, 32 F.3d 200, 203 (5th Cir. 1994) (citing *Renfro v. Shropshire*, 566 S.W.2d 688 (Tex. Civ. App.—Eastland 1978); Tex. Loc. Gov't Code § 82.005). Contrary to Defendants' arguments, this authority, and the County's "at-will" employment policies, do not immunize a hiring official from liability where, as is alleged here, the official's employment decision was motivated by an improper purpose. However, this authority does place County Clerks such as Bolin among "those whose edicts or acts may fairly be said to represent official policy." *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, 785-86 (1997) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 693 (1978)).

Bolin's reliance upon *Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown*, 520 U.S. 397 (1997), is unavailing because, in that case, the alleged constitutional deprivation was argued to flow from an act of a municipal official that was itself lawful. *Brown*, 520 U.S. at 405-06 ("Sheriff Moore's hiring decision was itself legal, and Sheriff Moore did not authorize Burns to use excessive force."). Here, there is no such attenuation: the alleged constitutional violation was itself the discrete act which Bolin was empowered to perform on behalf of the County. In arguing otherwise, Defendants attempt to "blur[] the distinction between § 1983 cases that present no difficult questions of fault and causation and those that do." *Id.*

The Court has undertaken a *de novo* review of the matters raised by Defendants' objections, and has concluded that Defendants' objections are without merit. The Court has also concluded that the portions of Magistrate Judge Primomo's recommendation to which no objection was made are not clearly erroneous or contrary to law.

It is therefore ORDERED that the Memorandum and Recommendation (docket no. 42) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1). For the reasons stated above and in the magistrate judge's recommendation, Plaintiffs' defamation claims against Bolin and Kerr County

are DISMISSED WITH PREJUDICE, and Defendants' motion for summary judgment (docket no. 36) is otherwise DENIED.

IT IS SO ORDERED.

SIGNED this 29 day of March, 2016.

Orlando L. Garcia
United States District Judge